**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>  v.<br><br>TROY STRATOS, AKA Troy David Stafford,<br><br>        Defendant-Appellant. | No. 16-10532<br><br>D.C. No.<br>2:11-cr-00537-TLN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted August 5, 2019
San Francisco, California

Before: SILER,[**] HAWKINS, and NGUYEN, Circuit Judges.

Troy Stratos appeals his sentence of 262 months of imprisonment following

his convictions for mail fraud, wire fraud, money laundering, and obstruction of

justice. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

§ 3742(a), and we affirm.

The district court did not plainly err in applying the two-level enhancement to Stratos's base offense level for abuse of a position of trust under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.3. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018) (applying plain error standard of review where the defendant did not object to the Guidelines calculation in the district court). Stratos pretended to be Nicole Murphy's wealth manager and investor, which is clearly a position of trust because it is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." U.S.S.G. § 3B1.3 cmt. n.1; *cf. United States v. Laurienti*, 731 F.3d 967, 973–74 (9th Cir. 2013) (affirming application of § 3B1.3 enhancement where a stockbroker defrauded his client). That Stratos was not a bona fide wealth manager does not change the analysis, because he was able to execute the fraudulent scheme by feigning expertise in this position of trust. *Cf.* U.S.S.G. § 3B1.3 cmt. n.1, 3 (stating enhancement applies where a defendant "perpetrates a financial fraud by leading an investor to believe the defendant is a legitimate investment broker").

The district court did not err in adding a four-level enhancement under U.S.S.G. § 2B1.1(b)(2)(B), which applies when the offense results "in substantial

financial hardship to five or more victims."[1]  Contrary to Stratos's argument, the

record shows that the district court correctly recognized that the enhancement

applies only if the victims suffered a *substantial* financial hardship, not just any

financial loss.  *See id.*  At least five victims articulated how Stratos's offense

caused them substantial financial hardship.  For example, Murphy stated that she

and her mother, whom Murphy supports, both lost their homes as a result of

Stratos's crimes.  Larry and Victoria Dean, Stephen and Joy Negrotti, and Roger

Siefert detailed that they either lost significant retirement funds or would have to

delay retirement.  *See id.* cmt. n.4(F) (calling courts to consider, among other

factors, whether the offense resulted in the victim "making substantial changes to

his or her living arrangements, such as relocating to a less expensive home;"

"suffering substantial loss of a retirement . . . fund;" and "making substantial

changes to his or her employment, such as postponing his or her retirement plans").

Lastly, Stratos's sentence is not substantively unreasonable.  *See Gall v.*

---

[1] The parties dispute the applicable standard of review because Stratos raises a new argument on appeal to challenge the application of § 2B1.1(b)(2)(B).  *Compare United States v. Jackson*, 697 F.3d 1141, 1144–45 (9th Cir. 2012) (per curiam) (applying plain error standard of review where the defendant challenged the application of an enhancement in the district court but raised a different argument as to the same enhancement on appeal), *with United States v. Reyes*, 772 F.3d 1152, 1157 n.6 (9th Cir. 2014) (rejecting application of plain error standard of review where defendant raised a new argument challenging an enhancement on appeal).  We need not decide this question because our analysis remains the same regardless of which standard of review applies.

3

*United States*, 552 U.S. 38, 46 (2007) ("[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable' . . . [under] the familiar abuse-of-discretion standard of review . . . ."). Stratos compares his sentence to that of Tim Burns but, unlike Stratos, Burns cooperated with law enforcement. Moreover, he and Burns were involved in separate fraud schemes. Therefore, the disparity in their sentences does not render Stratos's sentence substantively unreasonable because they are not similarly situated. *See, e.g.*, *United States v. Osinger*, 753 F.3d 939, 949 (9th Cir. 2014) (rejecting argument that a defendant's sentence was substantively unreasonable due to sentencing disparity where the defendants were not similarly situated). Stratos's argument that his sentence is substantively unreasonable because it is significantly greater than the "median sentence in 2015 for all fraud cases" fails for the same reason.

**AFFIRMED.**